IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

THE TASA GROUP                                                                    PLAINTIFF

v.                                      NO. 4:05-CV-00938 GTE

LORI A. MOSBY                                                                     DEFENDANT

## ORDER REMANDING CASE

Before the Court is Plaintiff's Motion to Remand, to which Defendant Lori A. Mosby, proceeding *pro se*, has responded.[1]

For the reasons stated herein, the Court concludes that it lacks subject matter jurisdiction in this case. The case must therefore be remanded back to the state court from which it was removed.

## BACKGROUND

Plaintiff The TASA Group ("TASA") filed its Complaint in this matter on May 23, 2005, in the Circuit Court of Pulaski County, Arkansas. The two-page Complaint alleges that the Defendant contracted for expert witness services through Plaintiff's office, but has refused to pay for said services. Plaintiff contends that the balance due on the contract is $7,671.22. It seeks that amount, plus interest, costs, and attorney's fees.

On June 10, 2005, TASA served the summons and Complaint on Defendant Lori A. Mosby, via personal service at her place of business. On June 30, 2005, Ms. Mosby filed a

---

[1] Also pending is Defendant's Motion to Dismiss. The Court's conclusion that it lacks subject matter jurisdiction prevents it from ruling on said motion.

- 1 -

Notice of Removal, removing the action to this federal district court. For cause, Ms. Mosby contends that the parties are diverse, however, she does not contend that the amount in controversy required for diversity jurisdiction has been satisfied. Rather, she contends that a federal question arises by virtue of the forum selection clause in the contract at issue. Thus, Ms. Mosby contends that the case is removable pursuant to 28 U.S.C. § 1441.

On July 6, 2005, Plaintiff TASA filed a Motion to Remand this action back to state court. On July 21, 2005, Defendant Ms. Mosby responded.

For the reasons stated below, the Court concludes that it lacks subject matter jurisdiction over this action. The case must therefore be remanded back to state court.

## DISCUSSION

Although the parties to this action are diverse, the amount in controversy falls far short of the $75,000 required for the exercise of federal jurisdiction on diversity jurisdiction. Accordingly, this Court has subject matter jurisdiction only if a federal question is presented. A civil action filed in a state court may be removed to federal court if the claim is one "arising under" federal law. 28 U.S.C. § 1441(b). The Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Determining when a suit "arises under" a federal law is customarily determined by applying the well pleaded complaint rule "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "Congress has long since decided that federal defenses do not provide a basis for removal." *Id*. at 399, 107 S.Ct. 2425. "Thus, a case may not be removed to federal court on the basis of a defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties

- 2 -

admit that the defense is the only question truly at issue in the case." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998)(internal quotations omitted).

Here, there is is clearly no cause of action pled in the Plaintiff's Complaint for relief under any United States' statute or the U.S. Constitution. Yet, Defendant argues that the contract at issue contains a forum selection clause and that because the forum selection clause's enforceability is determined by federal law, this case arises under federal law. Defendant is mistaken. Fundamental principles of federal jurisdiction have long rejected such contentions.

Assuming, arguendo, that the forum selection clause in the underlying contract must be examined and assessed by applying federal law, that does not mean that a federal question is presented on the face of the Plaintiff's well-pleaded Complaint, as is required for the exercise of federal question jurisdiction. The state court is a court of general jurisdiction. It is well qualified and capable of interpreting and applying federal law, to the extent such law is deemed to apply, in the context of resolving a breach of contract claim.

IT IS THEREFORE ORDERED THAT the Plaintiff's Motion to Remand (Docket No. 5) be, and it is hereby, GRANTED. The Clerk of the Court is hereby directed to remand this case back to the state court from which it was removed. The Clerk of the Court is directed to take the appropriate action to facilitate the transfer.

IT IS FURTHER ORDERED, pursuant to 28 U.S.C. § 1447(c) that the just costs and actual expenses, including attorney's fees, incurred as a result of this improper removal shall be assessed against and paid by the Defendant Lori A. Mosby.[2]

---

[2] Upon information and belief, the Defendant Lori A. Mosby is an attorney in Little Rock who has appeared regularly in federal court.

IT IS SO ORDERED this   26th   day of July, 2005.


                                          /s/Garnett Thomas Eisele                
                                        UNITED STATES DISTRICT JUDGE